UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

NARJES MEHRABI #A221-296-617     CASE NO. 3:26-CV-00201 SEC P

VERSUS     JUDGE TERRY A. DOUGHTY

LISA BOWEN     MAG. JUDGE KAYLA D. MCCLUSKY

## JUDGMENT

After considering the Report and Recommendation of the Magistrate Judge previously filed herein [Doc. No. 12], the written objections of Respondents, Lisa Bowen and Department of Homeland Security (collectively, "Respondents") [Doc. No. 19], and Petitioner Narjes Mehrabi's ("Petitioner") reply [Doc. No. 21]; and after conducting an independent review of the record, the Court is inclined to address the objections filed by Respondents.

Respondents object to the Report and Recommendation, arguing travel documents are not necessary for an alien's removal to a third country under new guidance issued by Department of Homeland Security ("DHS" and "DHS guidance").[1] DHS guidance states an alien may be removed to a third country if the DHS receives credible diplomatic assurances from that country that aliens removed to their country will not be persecuted or tortured.[2] If DHS does not receive such assurances, or deems those assurances to be not credible, they must inform the alien of their removal to

---

[1] [Doc. No. 19-2, pp. 1–2].
[2] [Id. at p. 1].

that country.[3] If the alien expresses a fear of persecution or torture if removed to that country, then immigration officers will refer that alien "to U.S. Citizenship and Immigration Services (USCIS) for a screening for eligibility for protection under INA § 241(b)(3) and the Convention Against Torture (CAT) for the country of removal."[4]

On or about July 2, 2025, ICE's Enforcement and Removal Operations ("ERO") emailed Moldova and Kosovo a request for acceptance of alien form, but received no response from either country's embassy.[5] Respondents have not provided the Court any evidence, consistent with the DHS guidance, that they have received such diplomatic assurances from the two countries they emailed, much less from any other country. Nevertheless, Respondents conclude in their objection that Petitioner has failed to demonstrate "there is no significant likelihood of accomplishing removal in the reasonable foreseeable future."[6] Respondents assert an email sent over five months ago from ERO Headquarters detailing the ERO is "actively working with the Department of State and the Department of Homeland Security on avenues to remove aliens to a third country" is sufficient to prove "[t]he likelihood of Petitioner's removal from the United States meets the necessary threshold of significance."[7]

In response, Petitioner highlights that even if "DHS only has to follow DHS guidance," and therefore does not need to secure travel documents for third country removals, "the [Respondents] failed to explain why [Petitioner] has not been deported

---

[3] [Id. at p. 2].
[4] [Id.].
[5] [Doc. No. 9-1, p. 2 at ¶¶ 11, 14].
[6] [Doc. No. 19-1, p. 5].
[7] [Id.]; [Doc. No. 9-1, p. 3 at ¶ 22].

even without the need for travel documents."[8] Moreover, Petitioner asserts Respondents sending emails to the ERO headquarters for guidance and to two countries, without receiving a response, does not demonstrate Petitioner is likely to be removed.[9] Even if these unanswered emails could be considered "good faith attempts to effectuate deportation," Petitioner cites that *Zadvydas* explicitly found "good faith efforts" are not enough to support continued detention. *See Zadvydas v. Davis*, 533 U.S. 678, 702 (2001) (The Fifth Circuit's holding that "continued detention [was] lawful as long as 'good faith efforts to effectuate ... deportation continue'" would require an alien to show that removal is impossible—"which demands more than our reading of the statute can bear.") (citation omitted).

The Middle District of Louisiana recently ruled third country removals must still adhere to *Zadvydas*' presumption that six months is a reasonable period of post-removal-order detention. *Rodriguez Romero v. Ladwig*, No. 25-CV-1106, 2026 WL 321437 (M.D. La. Feb. 6, 2026); *Zadvydas*, 533 U.S. at 701. In *Rodriguez Romero*, the court addressed four habeas petitioners who were redetained by ICE after being previously granted supervised release, had diplomatic barriers to removal to their home country, and filed *Zadvydas* claims arguing they should be released from immigration custody as their removal was not reasonably foreseeable. *Rodriguez Romero*, 2026 WL 321437, at *1, *14. The *Rodriguez Romero* court found the respondents' unanswered emails to ICE headquarters for a follow-up on the status of petitioner's removal to a third country and statements that immigration officers were

---

[8] [Doc. No. 21, p. 2].
[9] [Id. at p. 3].

"continu[ing] to work to process Petitioner for removal to a third country" amounted to nothing more than "vague efforts" that were not sufficient to rebut petitioner's assertions that removal was not significantly likely to occur in the reasonably foreseeable future. *Id.* at *16. Additionally, that court found that the respondents' failure to give an estimated time for removal further supported the conclusion that removal wasn't likely imminent as "[t]he mere possibility of removal does not demonstrate a significant likelihood of removal." *Id.* at *16.

The Court finds that Petitioner met her initial burden of showing it was unlikely her removal would occur in the reasonably foreseeable future, and the Government failed to rebut this showing. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018). While Respondents argue they only must follow the DHS guidance to show Petitioner's removal is significantly likely to occur in the reasonably foreseeable future, Respondents have failed to adhere to the DHS guidance. As prescribed by said guidance, Respondents have not provided credible diplomatic assurances from any third country for Petitioner's removal, or, if assurances are not received, begun the process of removal to a third country by informing Petitioner of the selected third country.[10] The most recent response from ERO Headquarters addressing the progress of Petitioner's third-country removal was sent on December 29, 2025, over four months ago.[11] Further, the email did not specify DHS had identified a third country for Petitioner's removal, nor did it indicate that Petitioner had received any diplomatic assurances from any country, as required by DHS guidance on third

---

[10] [Doc. No. 19-2, p. 2].
[11] [Doc. No. 9-1, p. 3 at ¶ 26].

country removals. Much like the "vague efforts" of respondents in *Rodriguez Romero*, Respondents' evidence of unanswered emails to Moldova and Kosovo,[12] and unanswered emails from ERO-to-ERO Headquarters for guidance on withholding and a third country removal, similarly do not rebut Petitioner's assertion that removal is not significantly likely in the reasonably foreseeable future.[13]

As such, the Court finds that the Magistrate Judge's Report and Recommendation is correct and that judgment as recommended therein is warranted.

Accordingly,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**: Respondents, including the Warden of Richwood Correctional Center, shall (A) release Petitioner as quickly as reasonably possible from custody without bond, under reasonable conditions of supervision if necessary, and (B) if Petitioner has family and/or an emergency contact on record, notify them of the exact location and time of her release no less than two hours before her release.

**IT IS FURTHER ORDERED**, **ADJUDGED**, **AND DECREED** that any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.[14] Respondents shall, within **24 hours** after Petitioner's release,

---

[12] [Doc. No. 9, p. 6].

[13] [Doc. No. 9-1, p. 3].

[14] In other words, it is the Court's intent that Petitioner shall not be released only to be immediately taken back into custody.  The Court expresses no opinion as to whether Petitioner could or should be taken into custody at a later date if travel documents were to be obtained.

email a status report confirming her release via the following email: doughty_motions@lawd.uscourts.gov.

MONROE, LOUISIANA, this 14th day of May 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE